IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:04CR768 |
| Plaintiff | |
| v. | **ORDER** |
| David Deer, | |
| Defendant | |

This is a criminal case in which the defendant, David Deer, has moved to expunge his conviction. (Doc. 17).

In 2004, Deer pled guilty to one count of embezzlement from a credit union, in violation of 18 U.S.C. § 657. (Docs. 8, 9). I sentenced him to one day in prison, with credit for time served, and a four-year period of supervised release. (Doc. 12). Deer violated the terms of his supervised release in 2006, and I ordered that he participate in a residential drug treatment program and then reside for a time at a community corrections center. He completed the remainder of his supervised release without incident.

Deer contends that his embezzlement conviction is the only conviction he has ever incurred, and that it "makes him virtually unemployable." (Doc. 17 at 2).

According to Deer, "[h]e has applied for countless jobs but has been turned down simply because of the instant conviction." (*Id.*). Furthermore, when Deer has been able to get a job, his prior conviction means that "he is always the first to be let go." (*Id.*).

Deer argues that I have ancillary jurisdiction to expunge the conviction, and that I should do so not only because of equitable reasons (to wit, his impaired employment prospects), but also because the continued presence of the conviction on his record violates the Eighth Amendment's prohibition on cruel and unusual punishments. (*Id.* at 13–28).

In the alternative, Deer asks that I create and award him a federal "Certificate of Rehabilitation." *See*, *e.g.*, *Doe v. U.S.*, 168 F. Supp. 3d 427 (E.D.N.Y. 2016).

As the government correctly observes in its response (Doc. 20), both Sixth Circuit precedent, *U.S. v. Lucido*, 612 F.3d 871, 875–76 (6th Cir. 2010), and my own decision in *U.S. v. Tippie*, 2013 WL 4782370, *2 (N.D. Ohio), make clear that I have no jurisdiction to entertain the motion to the extent it rests on equitable concerns.

In *U.S. v. Field*, 756 F.3d 911, 916 (6th Cir. 2014), however, the Sixth Circuit held that federal courts do have "ancillary jurisdiction over [expungement] motions challenging an unconstitutional conviction."

Accordingly, a court has jurisdiction to expunge in cases involving "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through government misconduct." *U.S. v. Robinson*, 79 F.3d 1149, 1996 WL 107129, *2 (6th Cir.) (table). But even in these cases, relief is not available unless "the assertion of ancillary jurisdiction . . . enable[s] the court to manage its proceedings, vindicate its authority, and effectuate its decrees." *Field*, *supra*, 756 F.3d at 916.

Though I have a great deal of sympathy for Deer's plight, it remains the case that I have no jurisdiction even under *Field* to expunge his conviction.

First, it is plain from Deer's briefs that he is not alleging that his conviction is, in the usual sense, unconstitutional.

He does not argue, for example, that the conviction is illegal, that the embezzlement statute is now unconstitutional, or that the government procured the conviction through misconduct. Rather, he contends that a conviction that was unproblematic at the outset has become unconstitutional by virtue of the effect it has apparently had on independent third parties – i.e., prospective employers who, but for the felony conviction, would be willing to hire Deer.

But that is not the type of challenge that a court may entertain under *Field* and *Robinson*, *supra*. Under those cases, a court may expunge convictions that, in essence, never should have been entered in the first place. Because Deer does not make that kind of argument, I have no jurisdiction to expunge his embezzlement conviction.

Second, with Deer's case in this court having concluded more than ten years ago, it is hard to see how exercising jurisdiction now would "enable the court to manage its proceedings, vindicate its authority, and effectuate its decrees." *Field*, *supra*, 756 F.3d at 916; *see also Lucido*, *supra*, 612 F.3d at 875 ("What is it about 'manag[ing]' a criminal case, vindicat[ing]' its power over the case and 'effectuat[ing]' any orders in the case that requires a district court to have authority, sixteen years later, to remove any record held by any federal entity of the proceeding? None that we can see.") (internal brackets in original).

Finally, because I have no ancillary jurisdiction to hear the expungement motion, I likewise have no jurisdiction to craft, create, and issue to Deer a "Certificate of Rehabilitation." *Cf. Doe*, *supra*, 168 F. Supp. 3d at 440 (recognizing that Second Circuit precedent, in contrast to Sixth Circuit

law, holds that district courts have ancillary jurisdiction to hear expungement motion and invoking such jurisdiction to issue a rehabilitation certificate to the defendant).

It is, therefore,

ORDERED THAT the defendant's motion to expunge (Doc. 17) be, and the same hereby is, denied for lack of jurisdiction.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge